IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| STEVEN M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:20-00688 |
| ) | |
| CURTIS DIXON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following: (1) Plaintiff's "Motion to Compel Discovery" (Document No. 52), filed on August 2, 2021; and (2) Plaintiff's Motion to Expedited Discovery (Document No. 68), filed on September 1, 2021. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motions (Document Nos. 52 and 68) should be denied.

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to

> any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Although the Rule 26(b) was amended to remove language permitting the discovery of "any matter relevant to the subject matter involved in the action" and "relevant information . . . reasonably calculated to lead to the discovery of admissible evidence," the Rule still contemplates the discovery of information relevant to the subject matter involved in the action as well as relevant information that would be inadmissible at trial. Advisory Committee Notes to 2015 Amendment, Fed. R. Civ. P. 26(b)(1). As stated above, the amendment further provides that discovery must be proportional to the needs of the case by considering certain factors. Thus, Rule 26(b) "cautions that all permissible discovery must be measured against the yardstick of proportionality. <u>Lynn v. Monarch Recovery Management, Inc.</u>, 285 F.R.D. 350, 355 (D. Md. 2012)(citation omitted).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . ..". Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> **(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Thus, objections to Rule 34 requests must be stated specifically and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. <u>Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc.</u>, 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>     (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
>     (iii)  other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> **(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under

Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

In his Motion to Compel, Plaintiff challenges Defendants' objections to responding to the following requests for production of documents: (1) Copies of letters and other communications between Defendant Curtis Dixon and inmate confidential informants; (2) Documents from confidential inmate informants and/or former correctional officer David Keaton connecting Plaintiff to the incident that resulted in a finding that he was guilty of the charge of trafficking; (3) Documents from the investigation by the West Virginia Division of Corrections and Rehabilitation related to the termination of David Keaton as a correctional officer; (4) All recording, statements, and other evidence developed during the investigation of the charge of trafficking against Plaintiff; (5) Documents concerning the "backgrounds" of the Defendants; and (6) Grievance, complaints, or other documents received by Defendants concerning procedural due process violations since January 1, 2013. (Document Nos. 52 and 53.) Plaintiff argues that the foregoing documents are relevant to his due process claim.

In Response, Defendants argue that the foregoing documents are not relevant to Plaintiff's due process claim. (Document No. 66.) To the extent Plaintiff requests information concerning informants, Defendants argue that such is subject to the "confidential informant privilege" and not relevant to Plaintiff's due process claim. (Id., pp. 3 – 4.) Defendants further state that "the information provided by the informants related to the criminality of a former officer, David Keaton, not the Plaintiff." (Id.) Defendants state that the "substance of the communication, of which Defendant Dixon testified to during [Plaintiff's] disciplinary hearing, is that Officer Keaton should be watched." (Id.) Defendants note that the information from the informant "was reliable

4

because Officer Keaton admitted to being paid to bring contraband into Mount Olive for inmates." (Id.) Defendants explain that information provided by David Keaton after his arrest supported the investigation of Plaintiff because Keaton admitted receiving a text message from Plaintiff's family. (Id.) Defendant Dixon subsequently reviewed Plaintiff's phone calls, which revealed evidence that Plaintiff provided directions to his mother and his mother sent $450 to a "CashApp" account owed by David Keaton. (Id.) The disciplinary charges were then brought against Plaintiff for Trafficking. (Id.) Thus, Defendants contend that information from the informants were not relevant to this action. (Id.)

Concerning Plaintiff's request for information concerning the investigation of former officer David Keaton, Defendants argue such information is not relevant to the question of whether Plaintiff's disciplinary hearing and later assignment to administrative segregation violated his due process rights. (Id., pp. 4 – 5.) Defendants further contend that "[t]his request is also improper because the document request seeks confidential information and the production of the documents to Plaintiff could create serious safety and security concerns for current employees and inmates at Mount Olive Correctional Complex, thus jeopardizing institutional security." (Id.)

Concerning Plaintiff's request for "all recording, statements, and other evidence developed during the investigation of the charge of trafficking against Plaintiff," Defendants assert that they have produced an audio recording of the disciplinary hearing that covers the presentation of all evidence. (Id., p. 5.) Defendants explain that this audio recording includes the discussion of Plaintiff's recorded telephone calls and testimony of Defendant Dixon." (Id.)

Concerning Plaintiff's request for "backgrounds" of the Defendants, Defendants argue that the request is vague and ambiguous as it is not clear what "background" information Plaintiff is

seeking. (Id., p. 5.) Defendants also argue that Defendants' "background" information is irrelevant to the question of whether Plaintiff's disciplinary hearing and assignment to administrative segregation violated his due process rights. (Id.) Finally, Defendants state that this document request seeks confidential information and the production of such information could create a safety and security concerns for the Defendants. (Id.)

Concerning Plaintiff request for "grievances, complaints, or other documents" received by Defendants "concerning procedural due process violations" since January 1, 2013 concerning other inmates, Defendants argue that such a request is overbroad, vague, and ambiguous. (Id.) Defendants further state the burden and expense to Defendants in identifying such documents outweighs any possible benefit to Plaintiff. (Id.) Defendants further assert that this information is not relevant to whether Plaintiff's due process rights were violated. (Id.) Based upon the foregoing, Defendants requests that Plaintiff's Motion to Compel be denied.

In Reply, Plaintiff filed his "Motion to Expedite Discovery and Response to Defendants' Latest Submission of Discovery." (Document No. 68.) Plaintiff argues that the above information is relevant because "being accused of a violation of State law entitles him to the rights afforded any criminal defendant in any court." (Id.) Plaintiff, therefore, argues that he has the "Sixth Amendment Right to confront [his] accuser" and "these 'confidential informant' are accusers." (Id.) Plaintiff contends that the "the credibility of the accuser is subject to scrutiny and the information provided is also subject to be scrutinized." (Id.) Plaintiff contends that Defendants are objecting to producing this "relevant" information "in order to thwart any progress being made in ascertaining the identity of the accuser(s) or the information provided that is being utilized by Defendants." (Id.)

The Court will consider whether Plaintiff's requests seek relevant information. It is well-establish that the scope of discovery may not exceed the boundaries of the complaint. See Cuomo v. Clearing House Assn., LLC, 557 U.S. 519, 531, 129 S.Ct. 2710, 174 L.Ed.2d 464 (2009)("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through . . . records for evidence of some unknown wrongdoing."). In his Complaint, Plaintiff alleges a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (Document No. 2.) Specifically, Plaintiff alleges that Defendants violated his due process rights under the Fourteenth Amendment. (Id.) Plaintiff explains that his disciplinary conviction for Trafficking Marijuana/Hash in violation of 1.11B resulted in Plaintiff's placement in punitive and administrative segregation. (Id.) Plaintiff further complains that he lost his job as a handicap assistant and his privilege to take educational classes. (Id.) In the above action, Plaintiff does not allege that he lost any good time credit as a result of his disciplinary conviction.[1] Thus, Plaintiff's claim is not barred by Heck v. Humphrey,

---

[1] If Plaintiff's disciplinary proceedings would have involved the loss of good time credit, Plaintiff would have been entitled to the procedures set forth in *Wolff*. In *Wolff*, however, the Supreme Court stated that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have lawfully committed. *Wolff*, 418 U.S. at 556, 94 S.Ct. at 2975. The Supreme Court explained that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* Thus, "*Wolff* stands for the proposition that a prisoner is not guaranteed unfettered access to exculpatory evidence in the context of a disciplinary hearing." *Johnson v. Warden, FCI Williamburg*, 2014 WL 4825926, * 2 (D.S.C. Sept. 24, 2014), *aff'd* 597 Fed.Appx. 161 (4th Cir. 2015), *cert. denied*, ___ U.S. ___, 136 S.Ct. 556, 193 L.Ed.2d 430 (2015). In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985). To the extent Plaintiff is claiming his disciplinary conviction resulted in the loss of good time credit and resulted in a violation in his due process rights, such a claim must first be pursued pursuant to 28 U.S.C. § 2241. A Section 1983 action seeking monetary damages for Plaintiff's allegedly invalid disciplinary conviction would be precluded by *Heck* unless Plaintiff successfully challenged his disciplinary conviction in a *habeas* proceeding.

512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The proper inquiry, however, is whether Plaintiff was deprived of a state-created liberty interest protected by the Due Process Clause. As establish in Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), in order for Plaintiff to show that he possessed such a liberty interest requiring due process protections during his disciplinary hearing, he must demonstrate that (1) the conditions of his disciplinary detention exceeded the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause, or (2) the confinement in disciplinary detention created an atypical or significant hardship in relation to the ordinary incidents of prison life. McNeill v. Currie, 84 Fed.Appx. 276, 277 (4th Cir. 2003); also see Smith v. Deemer, 641 Fed.Appx. 865,868 (11th Cir. 2016)(citing Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (*Wolff* sets forth procedures that must accompany disciplinary hearings when there is a loss of good time credit. When a prisoner has not lost any good-time credit, *Wolff* does not apply); Ordaz v. Lynaugh, 20 F.3d 1171 (5th Cir. 1994)("*Wolff* . . . does not determine the procedural requirements for disciplinary action such as restriction of commissary privileges."); Annabel v. Frost, 2015 WL 1322306, * 8 (W.D.Ky. June 14, 2016)("A prison inmate has a liberty interest in disciplinary proceedings if he or she faces a sanction that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incident of prison life."). "Without a protected liberty or property interest, there can be no federal procedural due process claim." Experimental Holding, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007)(citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)); also see Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005)("We need reach the question of what process is

due only if the inmate establishes a constitutionally protected liberty interest"). Prison staff's failure to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)(If the state law grants more procedural rights than the Constitution requires, a State's failure to abide by that law is not a federal due process issue); Donohue v. Diggs, 2011 WL 795889, * 3 (W.D.Va. March 1, 2011)("[A] state's failure to abide by its own procedural regulations is not a federal due process issue and is, therefore, not actionable under § 1983."). Finally, it is well-established that the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986)("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."); McClary v. Fowlkes, 2008 WL 3992637, *4 (E.D.Va. 2008)(finding inmate has no constitutional right against being falsely accused of conduct that may result in deprivation of protected liberty interest); Rhodes v. Sterling, 475 F.Supp.3d 470 (D.S.C. July 30, 2020)(allegations that false disciplinary charges were brought were insufficient to state a Section 1983 claim); Jenkins v. Bittinger, 2016 WL 11410971, * 2 (D.S.C. Oct. 17, 2016)("Plaintiff has no actionable constitutional claim against either [defendant] based on his allegations of their filing 'false' disciplinary charges.").

      The undersigned finds that the above documents requested by Plaintiff are not relevant to his due process claim. To the extent Plaintiff requests letters and other documents from confidential inmate informants, documents concerning the investigation and termination of former correctional officer David Keaton, and all statements and other evidence developed during the investigation of the disciplinary charge against Plaintiff, the undersigned finds such are irrelevant to the above action. In his Motion and Reply, Plaintiff indicates such documents are relevant to

the validity of his disciplinary conviction. The validity of Plaintiff's disciplinary conviction, however, is not the issue in the above action. As explained above, the issue is whether Plaintiff's due process rights were violated by his placement in segregation, the loss of his prison job, and his inability to participate in educational programs. Even assuming Plaintiff was falsely charged with a disciplinary violation, such does not constitute a constitutional violation. To the extent Plaintiff requests documents concerning the "backgrounds" of Defendants, Plaintiff's requests is overbroad and irrelevant. The undersigned agrees with Defendants that such a request is vague and ambiguous. Additionally, the "background" of Defendants is irrelevant to whether Plaintiff was deprived of a liberty interest without due process. To the extent Plaintiff requests all "grievance, complaints, or other documents" received by Defendants from other inmates concerning alleged due process violations since January 1, 2013, the undersigned finds that such is overbroad and irrelevant. Defendants explain that this request would require "[a] page by page search of every disciplinary file since January 1, 2013, . . . and the burden and expense to the Defendants outweighs its likely benefit to Plaintiff." Defendant further properly indicate that such documents would result in the release of confidential information about other inmates and prison staff. Finally, the undersigned finds this request is irrelevant as it concerns "grievance, complaints, or other documents" by *other inmates*. Thus, the foregoing is irrelevant to whether Plaintiff suffered a due process violation.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 52) and Motion to Expedite (Document No. 68) are **DENIED**. In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections

are filed, the District Court, Honorable United States District Judge Irene C. Berger, presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: September 8, 2021.

Omar J. Aboulhosn
United States Magistrate Judge