IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| STEVEN M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:20-00688 |
| ) | |
| CURTIS DIXON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Pending before the Court is Plaintiff's "Motion for Transcription Order for Audio Recordings of Disciplinary and Administrative Segregation Hearings" (Document No. 76), filed on October 12, 2021. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motion (Document No. 76) should be denied.

**STANDARD**

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Although the Rule 26(b) was amended to remove language permitting the discovery of "any matter relevant to the subject matter involved in the action" and "relevant information . . . reasonably calculated to lead to the discovery of admissible evidence," the Rule still contemplates the discovery of information relevant to the subject matter involved in the action as well as relevant information that would be inadmissible at trial. Advisory Committee Notes to 2015 Amendment, Fed. R. Civ. P. 26(b)(1). As stated above, the amendment further provides that discovery must be proportional to the needs of the case by considering certain factors. Thus, Rule 26(b) "cautions that all permissible discovery must be measured against the yardstick of proportionality. Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012)(citation omitted).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . . ." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> **(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Thus, objections to Rule 34 requests must be stated specifically and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> **(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under

Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

In his Motion, Plaintiff states that he requested the production of a "disc containing the audio of both [his disciplinary hearing and his administrative hearing], as well as a transcription of the disciplinary hearing." (Document No. 76.) Plaintiff complains that "[t]he Court will not accept an audio disc as evidence and Plaintiff is not authorized to transcribe any type of documentation of this nature to be supplied to the Court." (Id.) Plaintiff contends that "the audio recording differs from the transcription provided by Defendants." (Id.) Therefore, Plaintiff requests that the Court order "complete transcription of the digitally stored recordings of the proceedings from the disciplinary hearing and administrative segregation hearing held in reference to the instant civil complaint." (Id.)

In their Response in Opposition, Defendants argue that Plaintiff's Motion should be "denied as the Defendants have not had either of the hearings transcribed but have produced an audio recording of the hearings to Plaintiff." (Document No. 79.) First, Defendants contend that they should not be required to incur the expense of having the hearings transcribed when Plaintiff "could make arrangements (and pay himself) to have the hearings transcribed." (Id.) Defendants argue that "[a]s with the filing costs of prosecuting this matter in the U.S. District Court, Plaintiff is responsible for paying all litigation costs and may not impose costs on the Defendants simply because he is incarcerated." (Id.) Second, Defendants acknowledge that if they do "decide to have the hearing transcribed, and seek to use the transcriptions as exhibits to a Motion or at trial, a copy would be produced to Plaintiff but, at present, the Defendants do not plan to incur the expense of having either hearing transcribed." (Id.) Third, Defendants state that "to the extent Plaintiff is

4

asserting that a transcription of his disciplinary hearing was provided to him, the Defendants have not had either hearing transcribed" and "Plaintiff must be referring to the hearing report which summarizes testimony offered during the disciplinary hearing." (Id.) Finally, Defendants state that they plan to file the audio recordings of both hearings as exhibits to their Motion for Summary Judgment. (Id.)

As explained above, Defendants assert that they have produced to Plaintiff an audio recording of the disciplinary hearing and administrative hearing. Additionally, the record reveals that Defendants have also filed a copy of the audio recordings as an Exhibit to their Motion for Summary Judgment. (Document Nos. 81 and 85.) To the extent Plaintiff also requests that Defendants be required to incur the expense of transcribing the hearings, Plaintiff's request is denied. Although Plaintiff appears to argue that he has "transcripts" from the disciplinary hearing that does not match the audio recording, Defendants state that no such transcript exist. Defendants indicate the Plaintiff is most likely referring to the Disciplinary Hearing Report that summarizes testimony and the evidence presented that the hearing, which is not a "transcript." Furthermore, Plaintiff has failed to attach what he proclaims to be the "transcript" that does not match the audio recording. Finally, the undersigned finds that transcripts of the disciplinary hearing and administrative hearing would be cumulative and duplicative because the audio recordings have been provided to Plaintiff and this Court.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's "Motion for Transcription Order for Audio Recordings of Disciplinary and Administrative Segregation Hearings" (Document No. 76) is **DENIED**. In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested

by filing objections to this Order within 14 days. If objections are filed, the District Court, Honorable United States District Judge Irene C. Berger, presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: January 28, 2022.



Omar J. Aboulhosn
United States Magistrate Judge